IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FELIPE IGNACIO RIVADENEIRA,

       Plaintiff,

  v.

D. RAY JAMES CORRECTIONAL
FACILITY, et al.,

       Defendants.

CIVIL ACTION NO.: 5:21-cv-12

## REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Doc.1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's FTCA claims for negligence against Defendants Oliver, Green, and Jimenez. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

1. Plaintiff's FTCA claims for medical malpractice against Defendants Chronic Care Clinics, Thomas, and Maziarz;

2. Plaintiff's FTCA claims for negligence against Defendants McCoy, GEO Group, and D. Ray James Correctional Facility; and

3. Plaintiff's FTCA claims for intentional infliction of emotional distress against Defendants D. Ray James Correctional Facility, the GEO Group, Green, and Johns.

# PLAINTIFF'S CLAIMS[1]

Plaintiff asserts several claims arising under the FTCA. Plaintiff sues Defendants D. Ray James Correctional Facility, the GEO Group, and McCoy for negligence and gross negligence arising from improper work duty assignments. Doc. 1 at 4–5. On July 11, 2018, Plaintiff was treated for foot pain and multiple blisters on his feet. Id. at 4. As a result, he was placed on medical work restrictions. Id. at 5. Despite the restrictions, Plaintiff was required to work for at least 30 hours in the laundry unit, which caused further injury and pain to his feet. Id. Later, in November of 2018, while Plaintiff was still under medical work restriction, prison staff required him to repeatedly fill, lift, and carry an ice chest weighing 50 pounds. Id. While performing this task, Plaintiff slipped and fell, sustaining permanent injuries to his left shoulder and back. Id.

Plaintiff also sues Defendant Drs. Thomas and Maziarz, as well as the Chronic Care Clinic, for malpractice relating to the lower back and shoulder injury. Id. at 6. Plaintiff asserts Defendant Dr. Thomas failed to appropriately diagnose his back injury, which led to removal of his medical work restrictions and increased the changes of more injury. Id. Plaintiff also asserts Defendant Dr. Maziarz failed to properly administer a steroid injection into his left shoulder, causing further injury. Id.

Plaintiff also asserts claims for intentional infliction of emotional distress against Defendants D. Ray James Correctional Facility, the GEO Group, Green, and Johns. Id. at 6–7. Plaintiff claims Defendants engaged in extreme and outrageous conduct in four distinct ways. Id. First, Defendants repeatedly searched Plaintiff's possessions without justifiable reason. Id. at 6. Second, Defendants woke Plaintiff up in the middle of the night to transfer him to a

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc.1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

different unit, forcing him to walk through the pouring rain in sandals.  Id.  Two hours after he was moved, officials forced Plaintiff to return to his original unit in the same conditions.  Id.  Third, Plaintiff asserts Defendant Johns intentionally deceived him by telling Plaintiff he was going to be transferred to another facility.  Id. at 7.  In reliance on this statement, Plaintiff gave away most of his possessions to avoid having to carry additional weight and was humiliated when Defendant Johns laughed at him after revealing he lied.  Id. at 7.  Fourth, Defendants placed Plaintiff on suicide watch in an isolation room, bound in a strait jacket without clothes for eight days.  Id.  Plaintiff alleges Defendants left him unattended for six of those days.  Id.  Plaintiff alleges Defendants then told Plaintiff if he wanted to be removed from the isolation room, he would need to sign papers releasing Defendants of any wrongdoing.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim

upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I. FTCA Claims for Negligence Against Defendants Oliver, Green, and Jimenez

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  The actions by Defendants Oliver, Green, and Jimenez are only discussed in the Plaintiff's Statement of Facts, so the Court looks to this section to determine if Plaintiff has stated a claim against these Defendants.  Doc 1. at 10–16.

Plaintiff alleges Defendant Oliver responded to Plaintiff's administrative step-2 complaints about his medical treatment and the removal of his work restriction.  Id. at 13, 15.  Plaintiff only states Defendant Oliver rejected both step-2 complaints and concludes he was negligent in doing so.  Id.  Such statements are conclusory and provide no details for the Court to determine Defendant Oliver acted negligently or caused Plaintiff any harm.  As for Defendant Green, she spoke to Plaintiff and asked that Plaitniff sign a statement releasing GEO Group of any wrongdoing, which Plaintiff refused to do.  Id.  In this meeting, Defendant Green said she "had never heard of a low life prisoner suing a prestige company like GEO."  Id.  However,

Plaintiff does not allege any facts demonstrating Defendant Green acted negligently or caused Plaintiff harm.

The negligence claim against Defendant Jimenez is equally vague and conclusory. First, Plaintiff notes, in late 2018, Defendant Jimenez expressed doubts about Defendant Thomas's recommendation for a steroid injection to treat a fracture, stated he will speak to Plaintiff's doctor about it, and promised to advise Plaintiff of any changes in treatment. Id. at 12. Plaintiff complains no one followed up with him about the steroid injection but Plaintiff eventually received the steroid treatment in April 2019. Id. Plaintiff's allegations fail to show Defendant Jimenez acted negligently or caused Plaintiff harm, given that Plaintiff concedes he received the desired treatment, and Plaintiff fails to explain what Defendant Jimenez should have done differently regarding this treatment. Second, Plaintiff complains Defendant Jimenez "omitted [Plaintiff]'s work restrictions" after Plaintiff asked Defendant Thomas whether he had authorized a change in medical restriction. Id. at 14. Plaintiff states this omission was a manipulation of his medical information, but alleges no specific facts demonstrating negligence or harm suffered.

At most, Plaintiff alleges Defendants Oliver, Green, and Jiminez were, at times, unhelpful. However, Plaintiff fails to make any allegations which would support an FTCA claim of negligence against these individuals. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against all Defendants Oliver, Green, and Jimenez.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's FTCA claims for negligence against Defendants Oliver, Green, and Jimenez. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

1. Plaintiff's FTCA claims for medical malpractice against Defendants Chronic Care Clinics, Thomas, and Maziarz;

2. Plaintiff's FTCA claims for negligence against Defendants McCoy, GEO Group, and D. Ray James Correctional Facility; and

3. Plaintiff's FTCA claims for intentional infliction of emotional distress against Defendants D. Ray James Correctional Facility, the GEO Group, and Johns.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 9th day of November, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA