IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| FELIPE IGNACIO RIVADENEIRA, | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-12 |
| v. | |
| D. RAY JAMES CORRECTIONAL FACILITY, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Thomas' Motion to Dismiss and supporting brief. Docs. 45, 46. Plaintiff filed a Response, opposing Defendant's Motion. Doc. 58.[1] For the following reasons, I **RECOMMEND** the Court **GRANT** Defendant's Motion to Dismiss.

## PROCEDURAL HISTORY AND BACKGROUND

On January 15, 2021, Plaintiff brought this suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. After frivolity review, the Court dismissed Plaintiff's FTCA claims against Defendants Oliver, Green, and Jimenez but allowed claims to proceed against Defendants D. Ray James Correctional Facility ("D. Ray James"), Chronic Care Clinics, The GEO Group, Inc., McCoy, Green, Johns, Thomas, and Maziarz. Doc. 26.

---

[1] Two Responses to Defendant Thomas' Motion to Dismiss are docketed at Document Numbers 58 and 70. The two Responses are the same. Plaintiff indicated he sent a copy of his first response after he received an Order from this Court directing him to respond to the Motion. Doc. 70 at 8.

Plaintiff asserts a medical malpractice claim under the FTCA against Defendant Thomas. Plaintiff alleges on November 27, 2018, Defendant Thomas failed to properly diagnose Plaintiff's lower back injury, which resulted in the removal of Plaintiff's medical work restrictions. Doc. 1 at 6. Plaintiff further alleges on June 19, 2019, he submitted an Inmate Request to Staff form, in which he asked Defendant Thomas to take action regarding the pain from his injuries. Id. at 3.

Defendant Thomas filed the instant Motion to Dismiss, asking the Court to dismiss the FTCA claims currently pending against him. Doc. 45. Plaintiff responded, arguing Defendant was negligent in treating his serious back pain and, thus, Plaintiff's claims against Defendant should not be dismissed. Doc. 58.

## LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,[2] to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Id.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Furthermore, "the court may dismiss a complaint pursuant to Rule 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

As for pro se plaintiffs, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

---

[2]   The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff.  Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

**DISCUSSION**

Defendant Thomas argues Plaintiff's claims against him should be dismissed for several reasons: (1) the FTCA does not allow for suit over private individual liability; (2) most, if not all, of Plaintiff's claims are barred by the statute of limitations; and (3) the only potential claim not barred by the statute of limitations fails to state a claim upon which relief can be granted. Doc. 45. As to the FTCA argument, Defendant argues the claim against him must be dismissed because only the United States is capable of being sued under the FTCA. Doc. 46 at 3. Plaintiff did not respond directly to this argument.

The FTCA provides the remedy for torts committed by agents or employees of the United States. 28 U.S.C. § 2679(a). Although the FTCA permits plaintiffs to bring tort claims, it also specifies the exclusive remedy for such claims is against the United States. See 28 U.S.C. § 2679(b)(1). Thus, the United States is the only proper defendant in a FTCA action, and Defendant Thomas should be dismissed from the case. See 28 U.S.C. § 2679(d)(1).

Courts substitute the United States as the proper party where a pro se plaintiff has improperly named a federal employee as the defendant. See, e.g., Brewster-Veira v. U.S. Dep't of Veterans Affs., Civil Action No. 1:18-cv-2858, 2018 WL 6163171, at *2 (N.D. Ga. June 20, 2018) (directing the clerk of court to substitute the United States as party in lieu of Veterans Affairs). The United States can be substituted for a defendant where either the Attorney General certifies or the employee establishes "the employee's actions at the time of the alleged incident at issue occurred while the employee was acting within the scope of his or her employment." Springer v. Bryant, 897 F.2d 1085, 0187 (11th Cir. 1990). Here, the Attorney General has not certified Defendant Thomas was a government employee at the time of the alleged incident. Indeed, Defendant Thomas argues he was not a federal employee at the time but rather an

4

employee of an independent contractor—Wellpath, a private correctional healthcare company under contract with The GEO Group to provide medical care to the D. Ray James inmate population.  See Doc. 46 at 1 n.1.  Perhaps most importantly, Plaintiff has not asked the Court to substitute the United States for Defendant Thomas.

Contractors with the United States are explicitly excluded from FTCA coverage.  See 28 U.S.C. § 2671.  "In applying the independent contractor exception to the waiver of immunity, a critical element in distinguishing an agency from a contractor is the power of the Federal Government to control the detailed physical performance of the contractor."  Brown v. United States, CV 118-139, 2019 WL 415330, at *2 (S.D. Ga. Feb. 1, 2019) (quoting United States v. Orleans, 425 U.S. 807, 813–14 (1976)).  Nowhere in the Complaint does Plaintiff allege a federal agency physically participated in provision of medical care or controlled the manner in which Defendant Thomas or his employer provided medical care.  As alleged, the facts show Defendant Thomas was the employee of an independent contractor, Wellpath, which itself was under contract with an independent contractor which ran the prison, The GEO Group.  Thus, the Court lacks subject matter jurisdiction under the FTCA on Plaintiff's claims against Defendant Thomas and the claims are due to be dismissed.

Thus, I **RECOMMEND** the Court **GRANT** Defendant's Motion to Dismiss and **DISMISS** Defendant Thomas from the case.  Given this conclusion, I decline to address the other bases for dismissal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendant's Motion to Dismiss.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of February, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA