IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| FELIPE IGNACIO RIVADENEIRA, | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-12 |
| v. | |
| D. RAY JAMES CORRECTIONAL FACILITY, et al., | |
| Defendants. | |

# REPORT AND RECOMMENDATION

Before the Court is Defendants D. Ray James Correction Facility, Chronic Care Clinics, the GEO Group, and Tracy Johns's Motion for Summary Judgment, filed on November 7, 2022. Doc. 67. The Clerk of Court mailed a Notice to Plaintiff, advising him Defendants filed a Motion for Summary Judgment and that his response had to be filed by November 28, 2022. Doc. 68. The Notice further advised Plaintiff:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Id. This Notice was not returned to the Clerk of Court as undeliverable to Plaintiff at his address of record. The time for Plaintiff to file a response has elapsed, and Plaintiff has not filed any response. Defendants' motion is now ripe for adjudication.

However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## PROCEDURAL HISTORY

On January 15, 2021, Plaintiff brought this suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. After frivolity review, the Court dismissed Plaintiff's FTCA claims against Defendants Oliver, Green, and Jimenez but allowed claims to proceed against Defendants D. Ray James Correctional Facility ("D. Ray James"), Chronic Care Clinics, The GEO Group, Inc. ("GEO"), McCoy, Johns, Thomas, and Marziarz. Doc. 26. Defendants Thomas and Marziarz moved to dismiss the claims against them. Docs. 45, 50. The Court granted their motions, and Defendants Thomas and Marziarz were dismissed from the case. Docs. 64, 72.

Defendants D. Ray James, Chronic Care Clinics, GEO, and Johns filed the instant motion, seeking summary judgment on all the claims pending against them. Doc. 67. The only remaining Defendant, Defendant McCoy, has not yet appeared in this case, though service was attempted at least once. See Doc. 54.

**UNDISPUTED MATERIAL FACTS**

It is important to note at the outset the allegations in Plaintiff's unsworn Complaint are not to be considered in resolving Defendants' Motion for Summary Judgment. See Chambliss v. Buckner, 804 F. Supp. 2d 1240, 1248 (M.D. Ala. 2011) ("Allegations in an unsworn complaint are not evidence for purposes of summary judgment and, thus, cannot be considered." (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986))). Defendants submitted a Statement of Material Facts ("Defendants' SMF") in support of their Motion for Summary Judgment, in accordance with the Federal Rule of Civil Procedure 56 and Local Rule 56.1. Doc. 67-2. Defendants' SMF is supported by Plaintiff's Work Detail Report, doc. 67-3, the July 11, 2018 Medical Duty, doc. 67-4, Refusal of Health Services, doc. 67-5, the November 9, 2018 Medical Duty Status, doc. 67-6, the July 11, 2018 Chronic Care Clinic Report, doc. 67-7, a Suicide Risk Assessment, doc. 67-8, Infirmary Progress Notes, doc. 67-9, Record of Psychological Contacts, doc. 67-10, Suicide Watch Log and Notes, doc. 67-11, Suicide Alert & Progress Notes, doc. 67-12, Infirmary Discharge Notes, doc. 67-13, the Declaration of Tracy Johns, doc. 67-14, the Affidavit of Linda Rogers, doc. 67-15, and the Declaration of Linda Rogers, doc. 67-16.

Plaintiff has not responded to Defendants' SMF. However, when considering the record at summary judgment, "all justifiable inferences are to be drawn" in favor of the nonmovant. Shaw v. City of Selma, 884 F.3d 1093, 1098 (11th Cir. 2018) (internal quotations omitted) (quoting Tolan v. Cotton, 572 U.S. 651 (2014)). Thus, the Court identifies the following undisputed, material facts for the purposes of evaluating Defendants' Motion for Summary Judgment:

Defendant D. Ray James is a correctional facility owned and operated by Defendant GEO. Doc. 67-2 at 2. Defendant GEO owns and operates the facility pursuant to contracts it

3

holds with the Federal Bureau of Prisons ("BOP") and the U.S. Marshals Service. Id. Defendant Johns was a GEO employee and the facility administrator for Defendant D. Ray James during the period relevant to the events in Plaintiff's Complaint. Id. Defendant Chronic Care Clinic is a medical treatment program operated by GEO, a program that provides continuous treatment for inmates with chronic conditions housed at Defendant D. Ray James. Id.

While incarcerated at D. Ray James, Plaintiff was assigned to work in the laundry unit from July 3, 2018 to July 11, 2018. Id. at 4. Plaintiff worked 30 hours total, six days at five hour shifts each day. Id. at 5. On July 11, 2018, Plaintiff was placed on work restrictions by Defendant Thomas. Id. at 4–5. Those restrictions lasted for three months until October 11, 2018. Id. at 5. From October 11, 2018 to November 9, 2018, Plaintiff was not on any work restriction. Id. Plaintiff was assigned to work as an orderly from November 1, 2018 to November 9, 2018, a position Plaintiff worked in for 35 hours total. Id. at 6–7. Defendant Thomas placed him back on work restrictions on November 9, 2018. Id. There is no evidence Plaintiff worked or was required to work while he was on work restriction. Id. at 7.

On December 23, 2019, Plaintiff reported his intention to commit suicide. Id. He was placed on suicide watch in D. Ray James's medical unit. Id. at 8. As part of suicide watch, Plaintiff was dressed in a suicide smock and subject to constant observation checks by facility staff. Id. On December 27, 2018, medical staff reduced Plaintiff's suicide watch level, allowing him to wear regular inmate clothing, shower, and receive hygiene products and books. Id. at 9. Plaintiff was released from suicide watch on December 30, 2019. Id.

## LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)). "If the evidence [produced by the nonmoving party] is merely colorable or is not significantly probative summary judgment must be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record that establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION

Defendants assert the Court should grant summary judgment in their favor for several reasons: (1) Defendants D. Ray James and Chronic Care Clinics are not entities subject to suit; (2) Defendants GEO and Johns are not liable under the FTCA; (3) Plaintiff's negligence and gross negligence claims fail as a matter of law; and (4) the undisputed material facts show Defendants are entitled to summary judgment on Plaintiff's intentional infliction of emotional distress claims.  Doc. 67-1 at 8–22.

**I.    Defendants D. Ray James and Chronic Care Clinics Are Not Legal Entities Subject to Suit**

Defendants argue, since the capacity to sue or be sued is determined by the law of the state where the Court is located, Defendants D. Ray James and Chronic Care Clinics are not entities subject to suit under Georgia law.  Doc. 67-1 at 8–9.

"It is the law of this circuit that, when faced with a standing and capacity question in a FTCA case, the court must first look to the law of the state where the act or omission occurred . . . to determine both the plaintiff's standing and capacity to sue."  Schippers v. U.S., 715 F.3d 879, 886 (11th Cir. 2013).  All the events that gave rise to Plaintiff's cause of action occurred at D. Ray James, a correctional facility in Folkston, Georgia.  Thus, Georgia laws controls who has the capacity to sue.  Georgia recognizes only three classes as legal entities "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue."  Ga. Ins. Insolvency Pool v. Elbert Cnty., 258 Ga. 317, 318 (1988) (quoting Cravey v. Se. Underwriters Ass'n, 214 Ga. 450, 453 (1958)).

Defendant D. Ray James is a correctional facility owned and operated by Defendant GEO.  Doc. 67-1 at 9.  Defendant Chronic Care Clinics is a medical treatment program run by Defendant GEO as part of the medical care for inmates with chronic conditions.  Id. at 9.

6

Neither of these two Defendants are natural persons, artificial persons, or quasi-artificial persons the law recognizes as being able to sue.  See Sneed v. Wheeler Correctional Facility, CV No. 314-85, 2015 WL 1757502, at *3 (S.D. Ga. Apr. 17, 2015) (concluding jails and prisons are not legal entities subject to liability under Georgia law).  Because these two Defendants are not entities subject to suit, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgement as to Defendants D. Ray James and Chronic Care Clinics.

**II.     Defendants GEO, McCoy, and Johns Are Not Subject to Suit under the FTCA[1]**

Defendants GEO, McCoy, and Johns are not subject to the FTCA.  The FTCA provides the remedy for torts committed by agents or employees of the United States.  28 U.S.C. § 2679(a).  Although the FTCA permits plaintiffs to bring tort claims, it also specifies the exclusive remedy for such claims is against the United States.  See 28 U.S.C. § 2679(b)(1).  Thus, the United States is the only proper defendant in a FTCA action, and Defendants GEO, McCoy, and Johns should be dismissed from the case.  See 28 U.S.C. § 2679(d)(1).

Courts substitute the United States as the proper party where a pro se plaintiff has improperly named a federal employee as the defendant.  See, e.g., Brewster-Veira v. U.S. Dep't of Veterans Affs., Civil Action No. 1:18-cv-2858, 2018 WL 6163171, at *2 (N.D. Ga. June 20, 2018) (directing the clerk of court to substitute the United States as party in lieu of Veterans Affairs).  The United States can be substituted for a defendant where either the Attorney General certifies or the employee establishes "the employee's actions at the time of the alleged incident at issue occurred while the employee was acting within the scope of his or her employment."

---

[1]     Since it is unclear if Defendant McCoy has been properly served, Defendants did not ask the court to rule on the claims against him.  However, Plaintiff expressly alleges Defendant McCoy was an employee of Defendant GEO for all times relevant to this Complaint.  Doc. 1 at 3.  Thus, for the reasons explained in this section, the claims against Defendant McCoy are due to be dismissed.

Springer v. Bryant, 897 F.2d 1085, 1087 (11th Cir. 1990).  Here, the Attorney General has not certified that Defendant GEO was a government agency or that Defendants Johns or McCoy were government employees at the time of the alleged incident.  Indeed, Defendant GEO owns and operates Defendant D. Ray James subject to contracts it holds with the BOP and the U.S. Marshals Service.  Doc. 6-1 at 10.  Defendant Johns was an employee of GEO, itself an independent contractor.  Id.  Perhaps most importantly, Plaintiff has not asked the Court to substitute the United States for Defendants GEO, McCoy, or Johns.

Contractors with the United States are explicitly excluded from FTCA coverage.  See 28 U.S.C. § 2671.  "In applying the independent contractor exception to the waiver of immunity, a critical element in distinguishing an agency from a contractor is the power of the Federal Government to control the detailed physical performance of the contractor."  Brown v. United States, CV 118-139, 2019 WL 415330, at *2 (S.D. Ga. Feb. 1, 2019) (quoting United States v. Orleans, 425 U.S. 807, 813–14 (1976)).  Nowhere in the Complaint does Plaintiff allege a federal agency physically participated in how Defendants ran the prison or controlled the way Defendants GEO, Johns, and McCoy administered day-to-day operations in the prison.  As alleged, the facts show Defendants Johns and McCoy were employees of Defendant GEO, itself an independent contractor with the BOP and Marshals Service.  Defendant GEO ran both Defendant D. Ray James and Defendant Chronic Care Clinics as part of their contract with the BOP and the Marshals Service.  Thus, the Court lacks subject matter jurisdiction under the FTCA on Plaintiff's claims against Defendants GEO, Johns, and McCoy.  Therefore, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgement as to Defendants GEO, Johns, and McCoy.

Because the Court recommends granting Defendants' motion on the above grounds, it is unnecessary to address the remaining grounds of these Defendants' Motion for Summary Judgment.  See Barrera-Avila v. Watts, Civil Action No. 2:16-cv-141, 2017 WL 933123, at *9 (S.D. Ga. Mar. 8, 2017) ("As these rulings would dispose of all of Plaintiff's claims, the Court need not address the remaining portions of Defendants' Motion."), *report and recommendation adopted,* 2017 WL 1240763 (S.D. Ga. Mar. 31, 2017).

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal in forma pauperis.  Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify an appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An in forma pauperis action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.

9

2001)); see also Brown v. United States, Nos. 4:07-cv-085, 40:3-cr-001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Defendants' Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff in forma pauperis status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENY** Plaintiff in forma pauperis status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 20th day of June, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA